IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LYNDSEE ROTHENBURG, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:11-cv-00740-K |
| | § | |
| vs. | § | |
| | § | Jury Demanded |
| ISN SOFTWARE CORPORATION, | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Lyndsee Rothenburg files this First Amended Complaint, and states:

### I. SUMMARY

1.  This is an action brought for unpaid overtime claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq,* and unlawful discrimination and retaliation under Title VII of the 1964 Civil Rights Act and the Pregnancy Discrimination Act.

### II. PARTIES

2.  Plaintiff Lyndsee Rothenburg is an individual residing in Collin County, Texas.

3.  Defendant ISN Software Corporation is a foreign corporation doing business in Texas. Defendant has already been served.

### III. JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

### IV. COVERAGE

6.  At all relevant times, Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

7.  At all relevant times, Defendant has been an enterprise within the meaning of

Section 3(r) of the FLSA.  29 U.S.C. § 203(r).

8. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.  29 U.S.C. § 203(s)(1).  Further, Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

9. At all relevant times, Defendant was an employer within the meaning of the Title VII of the 1964 Civil Rights Act and the Pregnancy Discrimination Act.

## V.  FACTS

10. Defendant provides online data storage for other companies.

11. Plaintiff was employed by Defendant from on or about January 28, 2010, until November 12, 2010.  Plaintiff was a Senior Associate.  Plaintiff earned an annual base salary of $50,000.  Plaintiff also earned bonuses on a monthly basis.

12. Plaintiff was not a salesperson.  Rather, she assisted Defendant's customers who had been obtained by Defendant's salespeople.  In working with Defendant's customers, Plaintiff applied strict guidelines.  Plaintiff also performed ministerial duties such as sending invoices and sending mailouts to nonresponsive customers.  Plaintiff did not exercise discretion with respect to matters of significance.

13. Plaintiff did not supervise anyone.

14. Plaintiff routinely worked over 40 hours per week.  Defendant knew that Plaintiff worked in excess of 40 hours per week and it allowed and directed her to do so.  Plaintiff's duties did not make her exempt under the FLSA.

15. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40/week.

16. Defendant's violations of the FLSA were willful.

17. On or around March 1, 2010, Plaintiff was moved out of the Customer Service Department into the P-RAVS (Procurement RAVS) Department.

18. Plaintiff assisted a small group of employees with building insurance requirements into Defendant's system for their large clients. Once in the system, Plaintiff would then help the large clients (Exxon, Chevron, etc.) and insurance agents who had contacted her on behalf of their contractors make sure they were meeting the requirements in order to be compliant with their client's requirements. The P-RAVS Department was restructured and Plaintiff and another associate were moved back to Customer Service on or about June 1, 2010.

19. In August 2010, Plaintiff informed her supervisor at that time, Denis Tsai, that she was pregnant. After Plaintiff informed Mr. Tsai, she began receiving negative feedback.

20. In early October 2010, Plaintiff was required to begin performing QAQC (quality assurance quality control) on all of her incoming customer service calls and emails. Plaintiff was the only employee in the Customer Service Department required to do this, greatly increasing her workload. Non-pregnant and male employees were not required to do so. Despite the increased workload, Plaintiff met her weekly goals.

21. On November 10, 2010, Plaintiff received a performance evaluation letter that she believed was unfair. The same day Plaintiff was taken to a conference room by her manager, Christian Arroyave, where he expounded upon various points in the evaluation letter, without giving Plaintiff a chance to respond.

22. On November 11, 2010, Plaintiff told ISN's third party Human Resources representative that she believed the evaluation was unfair. The representative asked Plaintiff to

email her concerns, which she did. In her email, Plaintiff referenced the company's mistreatment of her and her pregnancy. When asked if the representative could share Plaintiff's concerns with her director, Brandi Surine, Plaintiff gave permission in an attempt to enable Surine to have a better grasp of the situation for a meeting that Plaintiff had scheduled with her.

23. On November 12, 2010, the Human Resources representative told Plaintiff that management had "decided to end our business relationship." The representative told Plaintiff that her supervisor would discuss the details with her. Three hours later, Christian Arroyave told Plaintiff that she was fired. When Plaintiff asked what had changed since she had submitted her concerns to Human Resources, Arroyave told her that they were "not going to discuss it" since it was "in the past." Mr. Arroyave then told Plaintiff that they were "only interested in looking forward."

24. Plaintiff was terminated because of her sex, in violation of Title VII of the 1964 Civil Rights Act, and because of her pregnancy, in violation of the Pregnancy Discrimination Act.

25. Plaintiff was also retaliated against in violation of Title VII of the 1964 Civil Rights Act and the Pregnancy Discrimination Act.

## VI.   CAUSES OF ACTION

26. Plaintiff incorporates all preceding paragraphs.

27. Defendant violated the FLSA by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty weeks, without compensating Plaintiff at a rate of no less than one-and-one half times the regular rate for which Plaintiff was employed for all hours worked over 40/week. Defendant acted willfully. Plaintiff seeks her actual and liquidated damages. Plaintiff has retained the undersigned attorneys to prosecute her claims against Defendant, and she seeks

recovery of her reasonable and necessary attorneys' fees.

28. Defendant violated Title VII of the 1964 Civil Rights Act by terminating Plaintiff for her sex. Plaintiff was given an increased workload that other similarly-situated, male employees were not required to bear. Plaintiff was also unlawfully retaliated against.

29. Defendant violated The Pregnancy Discrimination Act by terminating and retaliating against Plaintiff because of her pregnancy. Plaintiff was given an increased workload that other similarly-situated, non-pregnant employees were not required to bear.

30. Plaintiff is entitled to receive unpaid overtime, liquidated damages, back pay, front pay, consequential damages, and attorneys' fees and costs. Plaintiff was required to retain the undersigned attorneys to prosecute her claims.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff Lyndsee Rothenburg prays that on final judgment, she recover all unpaid wages and overtime, liquidated damages, back pay, front pay, consequential damages, attorneys' fees, costs, and all further relief to which she may be entitled.

Respectfully submitted,

FELL & WOOD, LLP

/s/Robert J. Wood, Jr.
Robert J. Wood, Jr.
State Bar No. 00788712
Gregory B. Fell
State Bar No. 00790670

3021 E. Renner Rd., Suite 140
Richardson, Texas 75082
972-488-8177
972-664-0470 (fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the above and foregoing document was served upon all parties of record in accordance with the Federal Rules of Civil Procedure on August 8, 2011.

                /s/Robert J. Wood, Jr.
                Robert J. Wood, Jr.