UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LYNDSEE ROTHENBURG, §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>ISN SOFTWARE CORPORATION, §<br>§<br>Defendant. § | CIVIL ACTION NO. 03-CV-00740-K |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant ISN Software Corporation ("Defendant"), by way of Answer to Plaintiff's First Amended Complaint ("Complaint"), states as follows:

### I.   SUMMARY

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent any of the allegations contained in Paragraph 1 are factual, they are denied.

### II.   PARTIES

2. Answering the allegations of Paragraph 2 of the Complaint, upon information and belief, Defendant admits that Plaintiff resides in Collin County, Texas.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

### III.   JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent any of the allegations contained in Paragraph 4 are factual, they are denied.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent any of the allegations contained in Paragraph 5 are factual, they are denied.

### IV.  COVERAGE

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent any of the allegations contained in Paragraph 6 are factual, they are denied.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent any of the allegations contained in Paragraph 7 are factual, they are denied.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent any of the allegations contained in Paragraph 8 are factual, they are denied.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent any of the allegations contained in Paragraph 8 are factual, they are denied.

### V.  FACTS

10. With respect to the allegations of Paragraph 10 of the Complaint, Defendant admits that, among other services, it provides online data storage for other companies; Defendant denies the remainder of the averments of Paragraph 9 of the Complaint.

11. Answering the allegations of Paragraph 11 of the Complaint, Defendant admits that Plaintiff was employed by Defendant from on or about January 28, 2010, until November

12, 2010.  Defendant admits that Plaintiff was a Senior Associate.  Defendant denies the remaining allegations of Paragraph 11.

12. Answering the allegations of Paragraph 12 of the Complaint, Defendant admits the allegations contained in the first two sentences of Paragraph 12 and denies the remaining allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13 of the Complaint.

14. Answering the allegations of Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief at this time whether Plaintiff "routinely" worked over 40 hours per week.  Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegations outlined in the first sentence of Paragraph 18 of the Complaint.  Defendant denies the allegations of the second and third sentences of Paragraph 18 of the Complaint.

19. Defendant admits the allegations of the first sentence of Paragraph 19 of the Complaint and denies the allegations of the second sentence of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. As to the first sentence of Paragraph 21 of the Complaint, Defendant admits Plaintiff received a performance evaluation letter, but Defendant is without sufficient information to admit or deny the remainder of that sentence.  Defendant denies the allegations of the second sentence of Paragraph 21.

22. Defendant denies the allegations of the first two sentences of Paragraph 22 of the Complaint. Defendant admits the allegations of the third sentence of Paragraph 22 of the Complaint. With respect to the last sentence of Paragraph 22, Defendant admits when asked if the representative could share Plaintiff's answers with her director Brandi Surine, Plaintiff gave permission, but Defendant is without sufficient information to admit or deny the truth of the rest of that sentence.

23. Defendant denies the allegations of the first sentence of Paragraph 23 of the Complaint. Defendant admits the allegations of the second sentence of Paragraph 23 of the Complaint. Defendant denies the allegations of the third and fourth sentences of Paragraph 23 of the Complaint. Defendant admits the last sentence of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

## VI.   CAUSES OF ACTION

26. Paragraph 26 of the Complaint, contains statements to which no response is required.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint

29. Defendant denies the allegations of Paragraph 29 of the Complaint

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. The [second] Paragraph 30 [sic] of the Complaint contains statements to which no response is required.

32. Defendant denies Plaintiff is entitled to the relief she seeks in the prayer for relief section of the Complaint.

## VII.   AFFIRMATIVE DEFENSES

33. The Complaint fails to state a claim upon which relief can be granted.

34. Plaintiff's recovery is barred because she is an exempt employee under the FLSA.

35. Plaintiff's recovery is barred because Defendant at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe it did not violate the FLSA.

36. Without assuming any burden of proof that is not otherwise placed on Defendant by operation of law, Plaintiff's recovery is barred because Defendant asserts that any alleged violation of the FLSA was not willful within the meaning of the FLSA.

37. Plaintiff's recovery is barred because Defendant has paid Plaintiff all sums legally due under the FLSA.

38. Plaintiff's recovery is barred because Plaintiff may not seek wages for time that is *de minimis*.

39. Plaintiff's recovery is barred because Plaintiff may not seek relief for preliminary and postliminary acts and any other non-compensable acts under the Portal-to-Portal Act.

40. In the alternative, Plaintiff's recovery is barred or reduced by the fluctuating work week method of calculating damages.

41. Without assuming any burden of proof that is not otherwise placed on Defendant by operation of law, Plaintiff's recovery is barred because Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior alleged by Plaintiff.

42. Without assuming any burden of proof that is not otherwise placed on Defendant by operation of law, Plaintiff's recovery is barred because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

43. Without assuming any burden of proof that is not otherwise placed on Defendant by operation of law, Plaintiff's recovery is barred or reduced by any applicable caps and limitations upon any award of damages, both compensatory and punitive, which are provide by law, including Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.*

44. Plaintiff's recovery is barred because Defendant had legitimate, non-discriminatory business reasons for any personnel decisions concerning Plaintiff.

45. Plaintiff's recovery is barred because Defendant has legitimate, non-discriminatory business reasons, taken in accordance with law, for any and all actions with regard to Plaintiff, and such actions were not pretext for unlawful discrimination on the basis of sex, gender, pregnancy, or retaliation, or any other protected category.

46. Plaintiff's recovery is barred, with respect to her claim of retaliation, because Plaintiff did not engage in any protected activity, as provided in Title VII, and Plaintiff did not have a good faith, reasonable belief that Defendant engaged in unlawful employment practices.

47. Plaintiff's recovery is barred, in whole or in part, because of her failure to mitigate her damages, if any; or, alternatively, Plaintiff has mitigated her damages, if any.

48. To the extent Plaintiff has failed to exhaust all administrative remedies, Defendant affirmatively pleads that Plaintiff has failed to meet the prerequisites and conditions precedent to filing this civil action. To the extent that Plaintiff has failed to timely and properly exhaust her administrative remedies under Title VII, this Court lacks jurisdiction.

49. To the extent that any of Plaintiff's factual allegations were not timely raised in the administrative complaint process, this Court lacks jurisdiction over those allegations.

50. Without assuming any burden of proof that is not otherwise placed on Defendant by operation of law, Defendant denies retaliating against Plaintiff for complaining of discrimination, because of her pregnancy, or for any other unlawful reason.

51. Plaintiff's recovery is barred by the doctrines of estoppel, waiver, and unclean hands.

WHEREFORE, Defendant prays that on final judgment Plaintiff take nothing by way of this lawsuit and that Defendant have and recover from Plaintiff Defendant's attorneys' fees and costs of court, any and all further relief, at law and in equity, to which Defendant may be entitled.

**BELL NUNNALLY & MARTIN LLP**

By:  /s/ Tammy S. Wood
  Tammy S. Wood
  State Bar No. 00788713
  Kristopher D. Hill
  State Bar No. 24066674

3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204-2429
Telephone:  (214) 740-1400
Facsimile:  (214) 740-5764
tammyw@bellnunnally.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On the 18th day of August, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Texas using the electronic filing system of the Court. I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record for Plaintiff electronically or in another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Tammy S. Wood

832299_1.DOC  04127.0007